Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| Manuel A. Lugo Objio en Rep. De Celenia Objio Lara<br><br>Peticionario<br><br>v.<br><br>Vanessa N. Lugo Objio<br><br>Recurrida | KLCE202400398 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Ponce<br><br>Caso Núm. JAPEA2023-0232<br><br>Sobre: Ley 121 Ley de Carta De Derecho y la Política Pública Del Gobierno a favor de los adultos mayores (Ley 121 De 1 de agosto de 2019, según enmendada) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de abril de 2024.

## **I.**

El 5 de abril de 2024, la señora Celenia Objio Lara (señora Objio Lara o peticionaria) presentó una *Petición de Certiorari* en la que solicita que revoquemos una *Resolución y orden* emitida por el Tribunal de Primera Instancia, Sala Municipal de Ponce (Sala Municipal) el 11 de febrero de 2024, notificada y archivada en autos el 21 de febrero de 2024.[1] En el dictamen, la Sala Municipal ordenó el archivo de una petición de orden de protección promovida por el señor Manuel A. Lugo Objio (señor Lugo Objio) a favor de la peticionaria, quien es su madre, y en contra de la señora Vanessa N. Lugo Objio (señora Lugo Objio o recurrida), quien es su hermana. A juicio de la Sala Municipal, no tenía competencia, ni jurisdicción

---

[1] Apéndice de la *Petición de Certiorari*, Anejo I, págs. 1-5.

para atender las mismas, en virtud de una *Resolución* emitida el 31 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (Sala Superior) en el caso PO2023C00834.[2]

El 9 de abril de 2024, emitimos una *Resolución* en la que le concedimos un término de diez (10) días a la recurrida para exponer su posición sobre los méritos de la *Petición de Certiorari*.

El 22 de abril de 2024, la señora Lugo Objio radicó un *Memorando en oposición a la expedición de certiorari y en cumplimiento de orden* en el que solicitó que deneguemos la expedición del auto solicitado y que contemplemos la imposición de costas y sanciones a la peticionaria por la frivolidad y temeridad del recurso presentado.

Contando con la comparecencia de las partes, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos procesales atinentes a la *Petición de Certiorari* de epígrafe.

## II.

El caso de marras tiene su génesis el 5 de octubre de 2023 cuando la peticionaria presentó una *Petición de orden de protección para el adulto mayor* al amparo de la *Carta de derechos y la política pública del Gobierno a favor de los adultos mayores*, Ley Núm. 121 de 2019, según enmendada, 8 LPRA secs. 1511 *et seq*.[3] En ella, solicitó que se expidiera una orden de protección a su favor y en contra de la señora Lugo Objio por alegados hechos ocurridos en mayo y octubre del 2023. La petición fue radicada por conducto del señor Lugo Objio, hijo de la peticionaria. El caso, además, recibió el identificador alfanumérico JAPEA2023-0232.

Para esa fecha, en la Sala Superior, se ventilaba el PO2023RF00834, un pleito ex parte presentado el 13 de septiembre de 2023 por la señora Lugo Objio en el que solicitó la declaración de

---

[2] Íd., Anejo VIII, pág. 38.
[3] Íd., Anejo IV, págs. 19-23.

incapacidad y designación de un tutor sobre la peticionaria.[4] Ese caso sigue activo hasta el momento.

El 24 de enero de 2024, la Sala Municipal emitió una *Orden de protección ex parte* a favor de la peticionaria y en contra de la recurrida.[5]

Entretanto, en el PO2023RF00834, el 31 de enero de 2024, la Sala Superior emitió una *Resolución* en la que declaró No Ha Lugar una solicitud de paralización de los procedimientos en ese caso ante la petición de orden de protección solicitada en la Sala Municipal.[6] En el dictamen, consignó lo siguiente:

> Cualquier remedio que la Sra. Celenia Objío Lara entienda que necesita, lo deberá solicitar en la sala superior, en donde se están llevando a cabo los procedimientos del caso PO2023RF00834 desde el 13 de septiembre de 2023.
>
> Una orden de protección al amparo de la Ley 121 del 2019 no puede interrumpir un proceso judicial a nivel superior como si fuera un Tribunal de mayor jerarquía.[7]

El 7 de febrero de 2024, la Sala Municipal celebró una vista final sobre la petición de orden de protección.

El 11 de febrero de 2024, en el caso de epígrafe, la Sala Municipal emitió la *Resolución y orden* recurrida en la que, tomando conocimiento de la *Resolución* emitida en el PO2023RF00834 el 31 de enero de 2024, se declaró sin competencia ni jurisdicción y ordenó el archivo de la *Petición de orden de protección para el adulto mayor*.[8] Entre las expresiones contenidas en el dictamen, la Sala Municipal consignó lo siguiente, pero no dispuso nada específicamente sobre ello:

---

[4] Tomamos conocimiento, además, de que las partes litigaron en el 2022 otro pleito de declaración de incapacidad y designación de tutor en el PO2022RF00780, el cual culminó con una desestimación sin perjuicio y varias órdenes de que a la señora Objío Lara se le realizaran evaluaciones neurológicas y psiquiátricas, así como pruebas de sustancias controladas. Además, les prohibió a los hijos de esta disponer de sus bienes cuando no fuera en beneficio de ella y se le ordenó coordinar servicios a favor de su madre, presentar un inventario de sus bienes, entre otras disposiciones. Regla 201 de Evidencia, 32 LPRA Ap. VI, R. 201.

[5] Apéndice de la *Petición de Certiorari*, Anejo VII, págs. 34-37.

[6] Íd., Anejo VIII, pág. 38.

[7] Íd.

[8] Íd., Anejo I, págs. 1-5.

> El Tribunal Municipal entiende que, ante la orden del Tribunal Superior, enfatizando la frase "**cualquier remedio**", la representante legal de la adulta mayor trató de inducir al Tribunal Municipal a error y recurrir a la **indeseable práctica** de "*forum shopping*". La parte peticionaria pretendió, por la vía colateral, obtener en el presente proceso de petición de orden de protección, lo que no ha podido obtener en el caso ante el Tribunal Superior. La parte peticionaria solicitó al Tribunal continuar la vista y alegó que tenía jurisdicción, aún sobre el dictamen del Tribunal Superior, para conceder los remedios solicitados.[9]

El 26 de febrero de 2024, la señora Objio Lara radicó una *Reconsideración* en la que solicitó a la Sala Municipal que revirtiera su determinación.[10]

El 29 de febrero de 2024, la Sala Municipal emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de reconsideración.[11]

Inconforme, la señora Objio Lara presentó la petición de epígrafe y le imputó a la Sala Municipal la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia, Sala Municipal, al escoger, atender y adjudicar algunas de las controversias que se encontraban sub judice ante su consideración a pesar de declararse sin jurisdicción, ni competencia.

Su posición es que la Sala Municipal, mediante la *Resolución* recurrida, adjudicó que la petición de orden de protección constituía *forum shopping* y, al carecer de jurisdicción, dicha determinación es nula y carece de validez.

El 22 de abril de 2024, la señora Lugo Objio radicó un *Memorando en oposición a la expedición de certiorari y en cumplimiento de orden* en el que solicitó que deneguemos la expedición del auto solicitado. Según arguyó, no se cumplen los criterios de intervención establecidos por la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Además, planteó que esta Curia debería evaluar la imposición de costas y sanciones a la peticionaria por entender que la presentación del

---

[9] Íd., pág. 4.
[10] Íd., Anejo II, págs. 6-17.
[11] Notificada y archivada en autos el 1 de marzo de 2024. Íd., Anejo III, pág. 18.

recurso es frívola y temeraria. Según esbozó, el presente recurso fue presentado únicamente para cuestionar la apreciación de la Sala Municipal sobre la conducta de la representación legal de la peticionaria como estrategia para evitar las consecuencias de una queja ética presentada en contra de ella ante el Tribunal Supremo por su conducta al promover la petición de orden de protección. Alega que la abogada lo que interesa es obtener una determinación que no le afecte a ella en su carácter personal y no va dirigida a los intereses de la peticionaria.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil,[12] 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee

---

[12] Esta Regla dispone que:

> [....]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank de Puerto Rico v. ZAF Corporation, et als.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. de Caguas v. JRO Construction,*** 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[13]

**B.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell***

---

[13] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

**IV.**

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica apelativa, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A tenor con la normativa jurídica anteriormente esbozada, no atisbamos elemento alguno que amerite expedir el *certiorari* solicitado. La determinación recurrida es esencialmente correcta en derecho, toda vez que la Sala Municipal resolvió acertadamente, ante la determinación de la Sala Superior, que no tenía jurisdicción para atender la petición de orden de

protección radicada por la peticionaria. Como surge de la *Resolución* emitida por la Sala Superior, el 31 de enero de 2024 en el PO2023RF00834, todo remedio que pretenda obtener la señora Objio Lara deberá ser solicitado ante dicha sala.

De la misma forma, el planteamiento de la peticionaria sobre las expresiones de la Sala Municipal en la *Resolución* recurrida sobre *forum shopping* e inducir a error resultan irrelevantes, puesto que nada se dispuso sobre ello. Surge palmariamente del dictamen recurrido que la Sala Municipal no atendió ni adjudicó controversia alguna, sino que se limitó a declararse sin jurisdicción. Como indica la jurisprudencia precedentemente expuesta, esa acción era la única para la que estaba facultada el tribunal *a quo*.

## V.

Por los fundamentos esbozados, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones